FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC -9 AM 11: 34

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

04-3358

| | | |
|---|---|---|
| ROSALIO DANIEL TORRES | * | CIVIL ACTION NUMBER: _____ |
| | * | |
| VERSUS | * | |
| | * | SECT. L MAG. 3 |
| AMERADA HESS CORPORATION, | * | SEC. ___ MAG. _____ |
| SEACOR OFFSHORE, INC., SEACOR | * | |
| MARINE INTERNATIONAL, INC., | * | |
| PERFORMANCE ENERGY SERVICES, | * | JUDGE _____ |
| LLC., PERFORMANCE ENERGY | * | |
| INTERNATIONAL, LLC., | * | |
| INTERNATIONAL MARINE, LLC, | * | |
| GILCO SUPPLY BOATS, INC. | * | MAGISTRATE JUDGE _____ |
| | * | |
| | * | TRIAL BY JURY DEMANDED |

**************************************************************************

### COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Rosalio Daniel Torres, files this Complaint against Defendants, AMERADA HESS

CORPORATION; SEACOR OFFSHORE, INC.; SEACOR MARINE INTERNATIONAL, INC.;

PERFORMANCE ENERGY SERVICES, LLC; PERFORMANCE ENERGY INTERNATIONAL,

LLC; INTERNATIONAL MARINE, LLC; and GILCO SUPPLY BOATS, INC., and for cause of

action would show unto the Court the following:

Fee_____
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

## I. JURISDICTION

1.      Jurisdiction in this case is founded on the basis of Title 28 U.S.C. §1333 in that this is a case of admiralty and maritime jurisdiction, as herein more fully appears.

2.      Alternatively, this case is brought under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, *et seq.* Pursuant to the OCSLA, Plaintiff sues Defendants for their respective liability under the applicable law. In the alternative, jurisdiction is proper pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b).

3.      Alternatively, all parties are diverse under 28 U.S.C. §1332.

## II.  PARTIES

4.      Plaintiff is a resident and citizen of the State of Texas.

5.      Defendant AMERADA HESS CORPORATION, upon information and belief, is a Delaware corporation with its principal place of business in the state of New York and doing business in the state of Louisiana for the purpose of accumulating monetary profits. Service of citation may be had by serving its registered agent, CT CORPORATION SYSTEM, 3851 Essen Lane, Baton Rouge, LA 70809.

6.      Defendant SEACOR OFFSHORE, INC., upon information and belief, is a Delaware corporation with its principal place of business in the state of Louisiana doing business in the state

2

of Louisiana for the purpose of accumulating monetary profits.  Service of citation may be had by serving its registered agent, Lenny Dantin, 5005 Railroad Ave., Morgan City 70380.

7.      Defendant SEACOR MARINE INTERNATIONAL, INC., upon information and belief, is a Delaware corporation with its principal place of business in the state of Louisiana and doing business in the state of Louisiana for the purpose of accumulating monetary profits.  Service of citation may be had by serving its registered agent, Lenny Dantin, 5005 Railroad Ave., Morgan City 70380.

8.      Defendant PERFORMANCE ENERGY SERVICES, LLC, upon information and belief, is a Louisiana limited liability company with its principal place of business in the state of Louisiana and doing business in the state of Louisiana for the purpose of accumulating monetary profits. Service of citation may be had by serving its registered agent, Ricky Lagrange, 797 Highway 398, Labadieville, LA 70372.

9.      Defendant PERFORMANCE ENERGY INTERNATIONAL, LLC, upon information and belief, is a Louisiana limited liability company with its principal place of business in the state of Louisiana and doing business in the state of Louisiana for the purpose of accumulating monetary profits.  Service of citation may be had by serving its registered agent, Christopher H. Riviere, 103 West Third Street, Thibodaux, LA 70301.

10.     Defendant INTERNATIONAL MARINE, LLC, upon information and belief, is a Louisiana limited liability company with its principal place of business in the state of Louisiana and doing business in the state of Louisiana for the purpose of accumulating monetary profits.  Service of citation may be had by serving its registered agent, Stephen Williams, 13559 West Main Street, Cut Off, LA, 70395.

11.     Defendant GILCO SUPPLY BOATS, INC., upon information and belief, is a Louisiana corporation with its principal place of business in the state of Louisiana and doing business in the state of Louisiana for the purpose of accumulating monetary profits.  Service of citation may be had by serving its registered agent, Lenny Dantin, 5005 Railroad Ave., Baton Rouge, 70809.

### III.  VENUE

12.     Venue is proper in this matter pursuant to the laws of the United States because Defendants are subject to personal jurisdiction in this Court.

### IV.  FACTS

13.     On or about December 13, 2003, Plaintiff Rosalio Daniel Torres, received serious and disabling injuries while working and acting in the course and scope of his employment onboard the vessel *Ron Paul*.

4

14.     Upon information and belief, the vessel was operated by Defendants SEACOR OFFSHORE, INC. and/or SEACOR MARINE INTERNATIONAL, INC. (collectively referred to as "SEACOR").

15.     Upon information and belief, the *Ron Paul* was owned by Defendants INTERNATIONAL MARINE, LLC and/or GILCO SUPPLY BOATS, INC.

16.     On or about December 13, 2003, Plaintiff was onboard the vessel *Ron Paul* and was being transferred from the vessel to Defendant AMERADA HESS platform located offshore at Block WD 86A. Before the vessel was positioned correctly and securely, the personnel basket was lifted by the platform crane and plaintiff was propelled against an iron box.

17.     Upon information and belief, Defendants PERFORMANCE ENERGY SERVICES, LLC and/or PERFORMANCE ENERGY INTERNATIONAL, LLC (collectively "Performance Energy") operated the platform crane at the time of plaintiff's injuries.

18.     Plaintiff sustained serious and debilitating injuries to his back and spine as a result of the incident on or about December 13, 2003.

## V.  CAUSES OF ACTION

19.     Paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

5

20      The conduct of Defendants constituted negligence as that term is understood in law,

and such conduct was a producing and proximate cause of the occurrence made the basis of this suit.

21.     Plaintiff will show that Defendants were negligent under the general maritime law,

through acts and omissions, jointly and severally, by and through agents, servants and/or employees,

acting in the course and scope of their respective employments, individually and/or collectively.

22.     Plaintiff will show that Defendants were negligent under Louisiana state law,  the

surrogate state law applicable in this case pursuant to the OCSLA.

23.     Alternatively, Defendants are liable under §905(b) of the Longshore and Harbor

Workers' Compensation Act and the general maritime law for their negligence.

24.     At all times material hereto, Defendants INTERNATIONAL MARINE, LLC and/or

GILCO SUPPLY BOATS, INC. were the owners of the *Ron Paul*, a vessel operating on navigable

waters, and Defendants SEACOR were the operators of said vessel.  Plaintiff's injuries were caused

in whole or in part by the negligence of these defendants, its agents, servants and/or employees

and/or was legally caused by the unseaworthiness of the vessel *Ron Paul*. The Defendants'

negligence was a producing cause of Plaintiff's damages and that Defendants' vessel was

unseaworthy and such  unseaworthiness was a proximate cause of Plaintiff's damages. These

Defendants were negligent and the vessel was unseaworthy because it lacked a properly trained and

competent crew to conduct the operations underway at the time of the incident safely. The vessel

lacked properly operating equipment and appurtenances aboard the vessel such as to make the vessel

and its crew, equipment and appurtenances reasonably fit for the vessel's intended purpose.

25.   Defendants PERFORMANCE ENERGY were negligent in, among other things,

failing to properly and safely operate the platform crane.  Their negligence caused the personnel

basket carrying plaintiff to careen out of control and strike another object, thereby seriously injuring

plaintiff.

## VI.  DAMAGES

26.   Paragraphs 1 through 24 are incorporated by reference as though fully set forth herein.

27.   Plaintiff would show that by reason of the injuries sustained as a result of the

accident, he has suffered serious and disabling injuries of a permanent nature. As a result of said

injuries, Plaintiff has suffered a loss of earnings in the past, and the disability from which Plaintiff

now suffers and will, in all reasonable medical probability, continue to suffer for the rest of his life,

has caused his earning capacity to be permanently and materially diminished. In addition, Plaintiff

has suffered great physical pain and mental anguish in the past, and in all reasonable medical

probability, will continue to suffer, on a permanent basis, great physical pain and mental anguish.

Furthermore, as a result of the injuries which your Plaintiff sustained, he has been afflicted with a

substantial degree of physical impairment which, in all reasonable medical probability, is permanent. Plaintiff has suffered loss of enjoyment of life as a result of the injuries incurred. Plaintiff has also been forced to incur expenses for medical and hospital care as a direct result of the injuries complained of herein, and in all reasonable medical probability, as a result of the injuries complained of herein, Plaintiff will continue to incur medical and hospital expenses for the remainder of his lifetime. The charges which have been made and which will be made for medical and hospital services rendered to Plaintiff have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have and will be rendered. By reason of the foregoing, Plaintiff has been damaged in an amount far in excess of the jurisdictional limits of this Court.

## VII. PRE-AND POST-JUDGMENT INTEREST

28.     Paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

29.     Plaintiff additionally pleads for the recovery of pre- and post-judgment interest in accordance with law and equity as part of the damages herein, and Plaintiff specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity.

## VIII.  CLAIM FOR RELIEF

30.     Paragraphs 1 through 28 are incorporated by reference as though fully set forth herein.

31.     By reason of the above and foregoing actual damages, Plaintiff here and now sues for a just and reasonable sum of money substantially in excess of the minimum jurisdictional limit of this Court.

32.     Plaintiff also prays for a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a certified copy of this complaint be served upon defendants and that after due proceedings are had there be judgment herein in favor of Plaintiff, ROSALIO DANIEL TORRES, and against Defendants AMERADA HESS CORPORATION, SEACOR OFFSHORE, INC., SEACOR MARINE INTERNATIONAL, INC., PERFORMANCE ENERGY SERVICES, LLC, PERFORMANCE ENERGY INTERNATIONAL, LLC, INTERNATIONAL MARINE, LLC, GILCO SUPPLY BOATS, INC.; and for a trial by jury on all issues.

Respectfully Submitted;

**HURLBURT, PRIVAT & MONROSE**
(A Professional Law Corporation)

_____
**DAVID A. HURLBURT** (#13912)
700 St. John Street - Ste. 200
Post Office Drawer 4407
Lafayette, La.  70502
Telephone: (337)237-0261
Facsimile: (337)237-9117
**Attorney for ROSALIO DANIEL TORRES
TRIAL ATTORNEY**

10